# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6444 | **DATE** | July 22, 2003 |
| **CASE TITLE** | LOMBARDI vs. RANGE et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Pursuant to Memorandum Opinion and Order entered this day, defendants' motion for summary judgment is granted in part and denied in part. Summary judgment is entered in favor of defendants Sommers and Tauchen on counts II and VI and as to defendant Village on counts VIII, IX, and XI. Summary judgment is denied as to defendant Range on Counts II and VI and as to defendant Village on count VII. The parties shall submit the joint final pretrial order on counts II, VI, and VII with all motions in limine and supporting memoranda by August 22, 2003. Responses are to be filed by August 29, 2003.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. w/ local rules on PTO | JUL 2 3 2003 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 83 |
| | Mail AO 450 form. | U.S. DISTRICT COURT docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JS6 ← | courtroom deputy's initials | 03 JUL 23 AM 7:52 Date/time received in central Clerk's Office | 7-22-03 date mailed notice ✓ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rosemarie Lombardi,

    Plaintiff,

v.

Tod Range, Don Sommers, John Tauchen,
The Addison Police Department, The Village
of Addison, and the State's Attorney of DuPage
County,

    Defendants.

No. 01 C 6444

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On August 20, 2001, plaintiff Rosemarie Lombardi ("Lombardi") filed an eleven-count complaint against Tod Range ("Range"), Don Sommers ("Sommers"), John Tauchen ("Tauchen") (collectively referred to as "Individual Officers"), the Addison Police Department ("Police Department"), the Village of Addison ("Village"), and the State's Attorney of DuPage County ("State's Attorney") alleging false arrest, false imprisonment, and excessive force under 42 U.S.C. § 1983; illegal wiretapping under 18 U.S.C. § 2510 et seq.; and pendent state law claims of malicious prosecution, false arrest, false imprisonment, assault, battery, excessive force, negligent training and supervision, invasion of privacy, and a violation of the Illinois Eavesdropping Statute, 720 ILCS 5/14-1 et seq. On October 31, 2002, this court dismissed all counts against defendants Police Department and State's Attorney. Also on October 31, this court dismissed counts II, III, and

1

V against Village and counts I, III, and IV against Individual Officers, leaving counts II (§ 1983 excessive force) and VI (assault, battery, and excessive force) remaining against Individual Officers and counts VII (assault, battery, and excessive force), VIII (negligent training and supervision), IX (wiretapping), X (eavesdropping), and XI (invasion of privacy) remaining against the Village. On June 9, 2003, remaining defendants Individual Officers and Village moved, pursuant to Federal Rule of Civil Procedure 56, for summary judgment. For the following reasons, defendants' motion is granted on counts II and VI (as to defendants Sommers and Tauchen) and on counts VIII, IX, X, and XI and denied on counts II and VI (as to defendant Range) and on count VII (as to defendant Village).

## STATEMENT OF FACTS[1]

Viewing all facts in the light most favorable to Lombardi and construing all ambiguities in her favor, on August 18, 2000, Village police officers were dispatched to plaintiff Lombardi's home to arrest her on an outstanding warrant for her failure to appear in court. According to Lombardi,

---

[1] Because Lombardi did not file a response to defendants' statement of undisputed facts and therefore failed to comply with Local Rule 56.1(b), this court accepts as true all facts set forth in defendants' Statement of Material Undisputed Facts. L.R. 56.1(b)(3)(B); Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 870 n.3 (7th Cir. 2000). However, Lombardi's failure to dispute defendants' facts does not result in an automatic grant of summary judgment in defendants' favor. This court must still evaluate all facts in the light most favorable to Lombardi, the non-moving party. Finally, this court notes that Lombardi received, as required by the Local Rules, the Local Rule 56.2 Notice describing to her how to respond to defendants' Rule 56.1(a) statement. (Docket No. 73.) Although Lombardi is pro se, and thus not held to the strict standards expected of lawyers, she made no attempt whatsoever to comply with Local Rule 56.1(b). Therefore, this court has no choice but to deem her to have admitted the facts set forth in defendants' 56.1(a) statement. This court will not look beyond the evidence cited to in defendants' Local Rule 56.1(a) statement of undisputed facts.

2

defendants Range, Sommers, and Tauchen were at her home during her arrest.[2] (Defs.' Stmt. of Facts ¶ 41.[3]) After arriving at Lombardi's home, Range approached the front door and rang the doorbell. After verifying Lombardi's identity, Range informed Lombardi that she was under arrest and placed her in custody.

Outside Lombardi's home, Range grabbed Lombardi's right arm and turned her around to handcuff her. Lombardi voluntarily placed her left arm behind her back, and Range handcuffed both hands together. Range, holding Lombardi's right forearm, then proceeded with her across the lawn in the direction of Range's squad car. Range remained positioned behind Lombardi at all times as he guided her to the car. In walking to the squad car, Lombardi remained upright and did not slip or fall at any time.

Upon reaching the squad car, to ensure that she did not have weapons or contraband, Range searched Lombardi by patting her down. Accepting non-movant Lombardi's deposition testimony as true, Range then threw Lombardi into the backseat of the squad car, causing her to hit the left side of her head on the door frame of the car, scrape her knees on the back of the front seat and on a steel plate in the squad car, and hit her left shoulder and rib cage against steel binders on the back seat. (Defs.' Stmt. of Facts ¶ 25.) Lombardi sustained bruises to her head; a bleeding scalp; a concussion;

---

[2] Defendants vehemently dispute Lombardi's deposition testimony that Sommers and Tauchen were present. However, this court must view the evidence in the light most favorable to Lombardi, the non-moving party. As will be discussed later in the text, Sommers and Tauchen, although present, cannot be held liable.

[3] The citation to Lombardi's complaint is not evidence, but her deposition testimony cited in ¶ 41 is evidence.

blurred vision; scraped, bruised, and bloody knees; a torn rotator cuff; a torn meniscus; disc injury; a headache; and lower back pain that made it difficult for her to walk.[4] (Defs.' Stmt. of Facts ¶ 28.)

While in the squad car, Lombardi complained that the handcuffs were too tight and that they were causing her pain. (Defs.' Stmt. of Facts ¶ 29.) Range responding by placing one of his fingers through the handcuffs and telling her that she was fine. The handcuffs bruised Lombardi's wrists. (Defs.' Stmt. of Facts ¶ 30.) Prior to leaving for the police station, Range inquired as to whether Lombardi was okay, and she responded affirmatively. Range then transported Lombardi to the DuPage County Jail. No officer present during the arrest except Range ever placed his hand on or otherwise made physical contact with Lombardi.

Once at the DuPage County Jail, Lombardi states, and this court accepts as fact for purposes of this motion, that, among other things, her head and shoulders hurt; her fingers were tingling; her wrists were swollen; her scalp, knees, and wrists were bleeding; and her head and knees were bruised. (Defs.' Stmt. of Facts ¶¶ 33, 34.) While at the jail, Lombardi did not report any injury to jail personnel nor request medical treatment. Lombardi did not list any of these injuries on the routine "Inmate Medical Assessment" questionnaire. Neither the staff nurse nor any corrections officer observed any injuries. Lombardi's booking photographs do not show any obvious injuries. Additionally, Lombardi did not seek medical attention after being released from the jail that night.

With regard to Lombardi's wiretapping and eavesdropping allegations, an Ameritech investigation report indicated that Lombardi complained that an Ameritech employee, Kevin

---

[4] As will be discussed *infra*, defendants argue that the evidence overwhelmingly establishes that Range followed proper police procedure in placing his hand on Lombardi's head when placing her in the car and that Lombardi did not actually suffer the injuries she claims. Again, however, this court must view the facts in the light most favorable to Lombardi, the non-movant.

4

Furlong, had been listening to her conversations. The Ameritech investigation was unable to substantiate Lombardi's allegations. A second report from a private investigator was unable to confirm whether an eavesdropping device was on Lombardi's phone line. Lombardi has no evidence that the Village ever conducted any wiretapping of her home.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). It is not the function of this court to scour the record in search of evidence to defeat a motion for summary judgment; the nonmoving party must identify with reasonable particularity the evidence upon which that party relies. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The evidence relied upon must be competent evidence of a type otherwise admissible at trial. Id.

## ANALYSIS

I. <u>Claims Against Sommers and Tauchen</u>

In count II, Lombardi alleges that Sommers and Tauchen used excessive force against her in violation of § 1983. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The officers' roles in Lombardi's arrest are undisputed. Assuming for purposes of summary judgment that the officers were present, neither officer touched Lombardi in any way. Neither handcuffed her, transported her, or placed her in the squad car. At most, the officers stood by as Range arrested Lombardi. This court cannot find that Sommers or Tauchen "participated in" or otherwise had any personal involvement in any alleged constitutional deprivation. There is no evidence that anyone other than Range applied force to Lombardi during the arrest. See also Trout v. Frega, 926 F. Supp. 117 (N.D. Ill. 1996).

Lombardi argues that the officers had a duty to prevent Range from violating her constitutional right to be free from excessive force, citing Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972) (holding that "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). However, the case at hand is distinguishable from Byrd and is more analogous to Richardson v. City of Indianapolis, 658 F.2d 494 (7th Cir. 1981). Nothing could have indicated to Sommers or Tauchen that Range would use excessive force in arresting Lombardi. One arguable constitutional violation, as will be discussed below, was the amount of force Range used in placing Lombardi into the squad car. Up to that point, the arrest had gone smoothly. Range verified Lombardi's identity without incident. He then placed handcuffs on her and escorted her across the lawn to the squad car. Nothing out of the ordinary had occurred at this point. Range then "threw" Lombardi onto the backseat of the squad car. As a result of this

6

incident, Lombardi sustained injuries. At no point could Sommers or Tauchen have intervened in time to prevent Range from using excessive force in placing Lombardi into the squad car. Like Richardson, there was no time for the officers to intervene. Further, there is no evidence that either officer knew that Lombardi was complaining that her handcuffs were too tight. As a result, they could not stop Range from applying or allowing the cuffs to remain too tight. Therefore, because they did not participate in depriving Lombardi of her constitutional right to be free from excessive force and had no ability to prevent the excessive force, Sommers and Tauchen are entitled to summary judgment on count II.

In count VI, Lombardi brings state law battery, assault, and excessive force claims against the two officers. Under Illinois law, a battery is "an unauthorized touching of another's person." Hernandez v. Schittek, 305 Ill. App. 3d 925, 930, 713 N.E. 2d 203, 207 (5th Dist.1999). An assault is a "reasonable apprehension of an imminent battery." Rosenberg v. Packerland Packing Co., Inc., 55 Ill. App. 3d 959, 963, 370 N.E. 2d 1235, 238 (1st Dist. 1977). In the case at hand, Lombardi has produced no evidence to show that Sommers or Tauchen ever touched her, let alone in an unauthorized way, or that she apprehended an imminent battery by these two officers. In fact, the undisputed facts indicate that the officers did not touch Lombardi. Because Lombardi has no evidence of harmful or offensive touching or a reasonable apprehension of such, her claims against Sommers and Tauchen cannot stand. Consequently, these two officers are entitled to summary judgment on count VI.

II. Claims Against Range

As with Sommers and Tauchen, Lombardi's remaining claims against Range are for excessive force, in violation of § 1983, and state law battery and assault. The Fourth Amendment prohibits police officers from using excessive force in effectuating an arrest. Graham v. Connor, 490 U.S. 386, 394 (1989). The Fourth Amendment's reasonableness test governs the inquiry. See id. at 396. "Because '[t]he test of reasonableness under the Fourth Amendment is not capable of precise

7

definition or mechanical application,' ... its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (citations omitted). This court must determine whether an officer has used excessive force in effectuating an arrest based on a standard of "objective reasonableness," i.e., from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396-97. This court finds that because there are material facts in dispute, Range is not entitled to summary judgment.

Lombardi testified at her deposition, as defendants list as "undisputed" in their statement of facts, that her handcuffs were too tight and causing her pain (Defs.' Stmt. of Facts ¶ 29) and that Range threw her into the squad car, causing her to hit the left side of her head on the door frame of the car, scrape her knees on the back of the front seat and on a steel plate in the squad car, and hit her left shoulder and rib cage against steel binders on the back seat (Defs.' Stmt. of Facts ¶ 25). As a result, Lombardi testified, and this court accepts as true for purposes of this motion, that she sustained bruises to her head; a bleeding scalp; a concussion; blurred vision; scraped, bruised, and bloody knees; a torn rotator cuff; a torn meniscus; disc injury; a headache; and lower back pain. (Defs.' Stmt. of Facts ¶ 28.). This court cannot find that under the facts and circumstances of this case that Range's use of force was objectively reasonable. From the officers' arrival at Lombardi's home to putting her into the squad car, Lombardi was cooperative. She did not struggle, attempt to flee, threaten to harm the officers, or evade or resist arrest in any way. By all indications, this was a routine arrest. Under such circumstances, this court cannot find that the force used to cause

Lombardi's extensive injuries was reasonable.[5] Cf. Payne v. Pauley, No. 02-2674, slip op. at 19-20 (7th Cir. July 9, 2003). Therefore, summary judgment is denied as to count II.

As to the state law assault and battery claims, Range argues that he was privileged to make a lawful arrest. See Herzog v. Village of Winnetka, 309 F.3d 1041, 1044 (7th Cir. 2002). Range may be privileged to effectuate a lawful arrest using lawful force; however, he has no privilege to use excessive force in arresting Lombardi. See Mink v. Univ. of Chicago, 460 F. Supp. 713, 718 (D.C. Ill. 1978) ("The defendants' privilege is limited at least to acts substantially similar to those to which the plaintiffs consented."). Because, as discussed above, questions of material fact exist as to whether he used excessive force, summary judgment must be denied as to count VI.

III. Assault and Battery Claims Against the Village

Under Illinois law, a municipality may be held liable for the tortious conduct of a police officer when the act occurs in the scope of the officer's employment. See Wright v. City of Danville, 174 Ill. 2d 391, 405, 675 N.E. 2d 110, 117-18 (Ill. 1996). While "no precise definition" has been accorded the term "scope of employment," broad criteria have been enunciated. Taboas v. Mlynczak, 149 F. 3d 576, 582 (7th Cir. 1998) (citing Pyne v. Witmer, 129 Ill. 2d 351, 359, 543 N.E.

---

[5] Range argues that Lombardi's own testimony and actions after the arrest do not support her claim of excessive force. At this stage of the proceedings, however, this court cannot make judgments regarding the facts. If this court adopted Range's position, it would be making a credibility decision and weighing the evidence, i.e., this court would find that it believes Range (and all of the evidence supporting his position) over Lombardi (and her deposition testimony). This court cannot weigh evidence or make such credibility determinations at summary judgment. Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); Payne v. Pauley, No. 02-2674, slip op. at 3 (7th Cir. July 9, 2003) ([S]ummary judgment cannot be used to resolve swearing contests between litigants."). Only the finder of fact, at trial, can do so. For a recent discussion by the Seventh Circuit of this issue, see Payne.

2d 1304, 1308 (Ill. 1989)). An employee's action falls within the scope of employment if "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master." Pyne, 129 Ill. 2d at 359, 543 N.E. 2d 1304 (citing Restatement (Second) of Agency § 228 (1958)).

In the case at hand, Range arrested Lombardi within the course and scope of his employment with the Village. Handcuffing, transporting, and loading arrestees are all general duties of police officers in Range's position; Lombardi's arrest occurred while Range was on the job and where the Police Department sent him; and he was arresting Lombardi pursuant to a warrant as part of his job responsibilities. Again, whether he committed the intentional torts of battery and/or assault by exceeding the scope of his privilege are questions of fact for the jury. Consequently, Village's motion for summary judgment as to count VII is denied.

IV. Negligent Training and Supervision Claim Against the Village

While it is not clear, it appears that Lombardi's negligent training and supervision claim against the Village is premised upon § 1983. A § 1983 claim lies against a municipality such as the Village only when it can be said that the:

> "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." The caselaw has identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law;'" or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-35 (7th Cir. 1994) (citations omitted). Lombardi offers no evidence whatsoever to support her claim against the Village that it had an express policy or a custom or usage of negligent supervision or training or that a person with policymaking authority caused such negligent supervision or training of Individual Officers. Without such evidence, this court finds that the Village is entitled to summary judgment on count VIII.[6]

## V. Wiretapping and Eavesdropping Claims Against the Village

Municipalities are immune from suit under the Federal Wiretap Act. Abbott v. Village of Winthrop Harbor, 205 F.3d 976, 980 (7th Cir. 2000) ("[T]he statute does not include a municipality within its definition of 'person.'"). Accordingly, Village is entitled to summary judgment on count IX.

As to Lombardi's eavesdropping claim, to prevail under Illinois law, Lombardi must prove that the Village "[k]nowingly and intentionally use[d] an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercept[ed], retain[ed], or transcribe[d] electronic communication . . . ." 720 ILCS 5/14-2(a)(1). Lombardi has no evidence whatsoever to support her claim. In fact, she admitted at her deposition that she had no documents in her possession indicating that the Village conducted any wiretapping of her home. (Defs.' Stmt. of Facts ¶ 54.) Further, what evidence there is in the record shows that Lombardi believed that Ameritech employee Kevin Furlong was eavesdropping. (Defs.' Stmt. of Facts ¶ 52.) Because plaintiff has not

---

[6] Even if this court viewed Lombardi's claim as one premised in state law for negligence, Village is still entitled to summary judgment because Lombardi has presented no evidence of any negligent acts or omissions with regard to training or supervision on the part of any Village employee.

11

pointed to any evidence in the record to support her claim, the facts remain undisputed and the Village is entitled to summary judgment on count X.

VI.     Invasion of Privacy Claim Against the Village

The Illinois Supreme Court has not recognized the invasion of privacy tort of intrusion upon seclusion, the claim plaintiff advances in count XI. This court need not endeavor to predict whether the Illinois high court would recognized this tort. Even if this court found that Illinois law recognizes intrusion upon seclusion, no evidence in any way suggests that the *Village* intruded upon Lombardi's privacy. Eavesdropping by wiretapping may supply the basis for intrusion upon seclusion. Lovgren v. Citizens First Nat'l Bank of Princeton, 126 Ill. 2d 411, 417, 534 N.E. 2d 987, 989 (Ill. 1989). However, Lombardi must point to some evidence in the record that the Village itself eavesdropped. As stated above, because Lombardi has not done so, Village's motion for summary judgment on count XI is granted.

## CONCLUSION

For the reasons discussed above, summary judgment is granted in part and denied in part. As to defendants Sommers and Tauchen, summary judgment is granted on counts II and VI. All claims against defendants Sommers and Tauchen are dismissed. As to defendant Range, summary judgment is denied on counts II and VI. As to defendant Village, summary judgment is denied on count VII and granted on counts VIII, IX, X, and XI. The only remaining count against the Village is count VII. All other claims against the Village are dismissed. A blank final pretrial order form is being sent to Ms. Lombardi with this order because she has the obligation to prepare the initial draft thereof and provide it to the remaining defendants' counsel in a timely manner so that it may be filed according to the set schedule. The final pretrial order must pertain only to the remaining

claims, counts II and VI (as to defendant Range only) and count VII (as to defendant Village only).

The parties are strongly encouraged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: July 22, 2003